IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| JOHN MATTHEW COLEMAN, III, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | Civil Action No. 1:05-0110 |
| | ) | (Criminal Action No. 1:02-0028) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's letter filed on February 9, 2005, referring to the United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and its January 12, 2005, decision in United States v. Booker, and United States v. Fanfan, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), which the undersigned considers a Motion to Amend his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Document No. 1.)[1] Movant reports that he has excelled as he has participated in several classes and programs at FCI Beckley, which the Court is pleased to know, and asks that the Court reconsider his sentence in view of the above referenced authority.[2] The undersigned finds, however, that the above referenced authority has no application to Movant's sentence, and it is therefore hereby respectfully recommended that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] According to the Bureau of Prisons' Inmate Locator, Movant's projected release date is January 4, 2007.

Aside or Correct Sentence by a Person in Federal Custody (Document No. 1.) be denied; and (3) that this matter be dismissed with prejudice and removed from the docket of this Court.

## DISCUSSION

The undersigned regards Movant's letter filed on February 9, 2005, as initiating collateral proceedings pursuant to 28 U.S.C. § 2255[3] presenting the question whether his sentence is unconstitutional under the Supreme Court's June 25, 2004, decision in <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and its January 12, 2005, decision in <u>United States v. Booker</u>, and <u>United States v. Fanfan</u>, __ U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005).  In <u>Blakely</u>, the Supreme Court reaffirmed the Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[4] <u>Blakely</u>, 542 U.S. at __, 124 S.Ct. at 2537. In <u>United States v. Booker</u>, and <u>United States v. Fanfan</u>, __ U.S. __, 125 S.

---

[3] The relevant portion of § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[4] In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at __, 124 S.Ct. at 2537 (emphasis in original).

Ct. 738, 160 L.Ed.2d 621 (2005), the Supreme Court applied the holding in Blakely to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." __ U.S. at __, 125 S. Ct. at 756. The Booker holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" __ U.S. at __, 125 S. Ct. at 769 (quoting Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)).

By Indictment filed on January 30, 2002, Movant was charged in two counts with possessing hydromorphone on or about October 5, 2000, with the intention of distributing it in violation of 21 U.S.C. § 841(a)(1) (Count One) and using and carrying a firearm in relation to a drug trafficking crime on or about that same date in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count Two). (Criminal Action No. 1:02-0028, Document No. 1.) On April 16, 2002, Movant entered a guilty plea to the charge that he used and carried a firearm in relation to a drug trafficking crime (Count Two). (Id., Document Nos. 23, 24 and 27.) On July 15, 2002, the District Court sentenced Movant to a term of 60 months incarceration to be followed by a three year term of supervised release. (Id., Document No. 31.) Movant did not appeal his sentence.

Movant's case was final well before the Supreme Court's decisions in Blakely and Booker/Fanfan.[5] Thus, Booker does not apply unless the Supreme Court rules that it is to be applied

---

[5] For purposes of retroactivity analysis and collateral review, Petitioner's sentence became final on August 1, 2002, when the ten-day notice of appeal period expired. *See* Fed. R. App. P. 4(b)(1)(A)(i)("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . .:(i) the entry of either the judgment or order being appealed[.]" and 26(a)(2)(excluding intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days, unless stated in calendar days); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the

3

retroactively to cases on collateral review. See <u>Tyler v. Cain</u>, 533 U.S. 656, 662-63, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding "that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."). Although the Fourth Circuit Court of Appeals has not issued a published decision considering whether <u>Booker</u> applies retroactively to persons whose convictions were final prior to the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>, several Circuit Courts of Appeals and District Courts have held that it does not, and the undersigned anticipates the Fourth Circuit will do so as well.[6] The Circuit Court of Appeals for the Second Circuit held in <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005), that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies] retroactively to [a] collateral challenge." In <u>Guzman v. United States</u>, 404 F.3d 139, 144 (2d Cir. 2005), the Second Circuit reaffirmed its decision in <u>Green</u> and expressly held that "<u>Booker</u> is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that <u>Booker</u> issued." Similarly, the Eleventh Circuit decided, in <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), "that <u>Booker</u>'s constitutional rule falls

---

Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(citing, *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994) (holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). Chief Judge Faber entered his Judgment in a Criminal Case on July 18, 2002. (Document No. 31 in Criminal Action No. 1:02-0028.) Excluding Saturdays and Sundays, Movant had until August 1, 2002, to file a Notice of Appeal and did not do so. Therefore, his sentence became final on that date. As stated above, *Blakely* was decided on June 24, 2004, and *Booker* was decided on January 12, 2005.

[6] The Fourth Circuit has occasionally noted in unpublished decisions that the Supreme Court has not made its rulings in *Booker* and *Blakely* applicable retroactively to cases on collateral review. *See for example United States v. Fowler*, 133 Fed.Appx. 922, 2005 WL 1416002 (4th Cir., (W.Va.)). *See also United States v. Butler*, 139 Fed.Appx 510, 511 (4th Cir.(N.C.) July, 15, 2005)("[I]t is not unusual for temporal happenstance to control whether a criminal defendant receives the benefit of a Supreme Court decision.")

squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Likewise, the Seventh Circuit has ruled that Booker does not apply retroactively to cases on collateral review. McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). The Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, [542] U.S. [348], 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." [542] U.S. at __, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.
>
> The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.
>
> * * *
>
> The Court held in *DeStefano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968), and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. [542] U.S. at __, 124

5

> S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. See also *Curtis*, 294 F.3d at 843-44.
>
> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, [542] U.S. [296], 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), came down, is the appropriate dividing line; *Blakely* reserved decision about the status of the federal Sentencing Guidelines, see *id*. at 2538 n.9, so *Booker* itself represents the establishment of a new rule about the federal system.

McReynolds, 397 F.3d at 480-81.

Similarly, the Third Court held in In re Olopade, 403 F.3d 159, 163-64 (3rd Cir. 2005), that Booker is not retroactively applicable to cases on collateral review. The Fifth Circuit recently held that "Booker does not apply retroactively on collateral review for purposes of a successive § 2255 motion." In re Elwood, 408 F.3d 211, 213 (5th Cir. 2005). The Sixth Circuit ruled in Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005), that

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague's* second exception. *Beard [v. Banks*, __ U.S. __], 124 S.Ct. [2504], 2513-14 [159 L.Ed.2d 494 (2004)]. We hold that *Booker's* rule does not either. *Accord McReynolds*, 397 F.3d at 481.

The Tenth Circuit likewise held in United States v. Price, 400 F.3d 844, 848-49 (10th Cir. 2005), that Blakely was a new rule of criminal procedure that was not subject to retroactive application on collateral review as follows:

> A new procedural rule, such as that announced in *Blakely*, will apply retroactively only if it falls into one of two narrow exceptions. *See Teague*, 489 U.S. at 307, 109 S.Ct. 1060. The first exception applies to a new rule that "places certain kinds of primary, private individual conduct beyond the power of the criminal law-

6

making authority to proscribe." *Teague*, 489 U.S. at 307, 109 S.Ct. 1060 (quotation omitted). *Blakely* does not implicate that exception. [footnote omitted] *See [United States v.] Mora*, 293 F.3d [1213,] 1218 (holding *Apprendi* does not implicate *Teague's* first exception).

*Teague's* second exception applies to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *O'Dell [v. Netherland]*, 521 U.S. [151,] 157, 117 S.Ct. 1969 [, 138 L.Ed.2d 351 (1997)]. (quotation omitted). "To qualify as a 'watershed' rule of criminal procedure, the rule must not only improve the accuracy with which defendants are convicted or acquitted, but also alter our understanding of the *bedrock procedural elements* essential to the fairness of the proceeding." *Mora*, 293 F.3d at 1218-19 (quotation omitted). "This exception is defined narrowly." *Id* at 1219.

*Blakely* did not announce a new watershed rule of criminal procedure that implicates the "fundamental fairness and accuracy of the criminal proceeding." *O'Dell*, 521 U.S. at 157, 117 S.Ct. 1969. First, *Blakely* does not affect the determination of a defendant's guilt or innocence. Rather, it addresses only how a court imposes a sentence, once a defendant has been convicted.

Further, the Supreme Court has previously determined that a change in the law requiring that juries, rather than judges, make the factual findings on which a sentence is based did not announce a watershed rule of criminal procedure. [footnote omitted]. *See Summerlin*, [542] U.S. at __ - __, 124 S.Ct. at 2524-26. Similarly, we have previously held that a change in the law requiring juries to find these sentencing facts beyond a reasonable doubt, rather than by a preponderance of the evidence, also does not announce a watershed rule of criminal procedure. *See Mora*, 293 F.3d at 1219 (holding *Apprendi*, including its quantum of proof requirement, did not announce watershed rule); *see also Sepulveda v. United States*, 330 F.3d 55, 61 (1st Cir. 2003) (holding, in addressing *Apprendi's* retroactivity, that "'a decision . . . by a judge (on a preponderance standard) rather than a jury (on the reasonable doubt standard) is not the sort of error that necessarily undermines the fairness . . . of judicial proceedings,'" quoting *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002)); *Coleman v. United States*, 329 F.3d 77, 88-90 (2d Cir. 2003) (rejecting argument that *Apprendi's* requiring Government to prove sentencing factors beyond a reasonable doubt was watershed rule of criminal procedure). We conclude, therefore, that *Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions. *See, e.g., Rowell v. Dretke*, 398 F.3d 370, 2005 WL 151916, at \*8 (5th Cir. Jan. 25, 2005); *Rucker v. United States*, 2005 WL 331336, at \*1 (D. Utah Feb. 10, 2005); *Gerrish v. United States*, 353 F.Supp.2d 95, 2005 WL 159642, at \*1 (D. Me. Jan. 25, 2005); *United States v. Johnson*, 353 F.Supp.2d 656, 2005 WL 170708, at \*1 (E.D. Va. Jan. 21, 2005); *see also In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005) (noting "the Supreme Court has strongly implied that *Blakely* is not to be applied retroactively"); *cf. McReynolds*, 397 F.3d at 481 (7th Cir. 2005) (holding *Booker* does not apply retroactively in initial § 2255 motions).

A similar conclusion was reached in <u>Rucker v. United States</u>, 2005 WL 331336, No. 2:04-cv-00914PGC (D. Utah, Feb. 10, 2005). Stacy Rucker pled guilty to armed bank robbery in July, 2003, with sentencing in October, 2003, before both <u>Blakely</u> and <u>Booker</u>. His offense level was enhanced for property taken from a financial institution, discharge of a firearm, and loss exceeding $10,000, and reduced for acceptance of responsibility. He filed a Motion under 28 U.S.C. § 2255, asserting that <u>Blakely</u> (and <u>Booker</u>) should be applied retroactively to him, and that his sentence was unconstitutional. The District Court held:

> The approach to sentencing required by the *Blakely* and *Booker* decisions is a new rule. Moreover, it is a procedural rule about the allocation of fact-finding power between judge and jury and about proof beyond a reasonable doubt. Such a new procedural rule applies retroactively only where it implicates the fundamental fairness and accuracy of a criminal proceeding. The *Blakely/Booker* rule does not implicate fundamental fairness. Indeed, *Booker* itself requires the courts to continue to "consider" the Guidelines in imposing sentence. Accordingly, the *Blakely/Booker* rule does not apply retroactively to Mr. Rucker (and others whose convictions became final before *Blakely*).

<u>Rucker v. United States</u>, 2005 WL 331336, *1.

Based on <u>Green</u>, <u>Guzman</u>, <u>Varela</u>, <u>McReynolds</u>, <u>Olopade</u>, <u>Elwood</u>, <u>Humphress</u>, <u>Price</u>, and <u>Rucker</u>, the undersigned proposes that the presiding District Judge find that Movant's case was final well before the Supreme Court's decision in <u>Booker</u> and that <u>Blakely</u> and <u>Booker</u> do not apply retroactively to his sentence.

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal analysis and **RECOMMENDED** that the District Court **CONSTRUE** Movant's letter filed on February 9, 2005, (Document No. 1.) as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, **DENY** Movant's Motion, **DISMISS** this matter with prejudice and **REMOVE** this matter

from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Chief United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) *cert. denied*, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief Judge Faber, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and mail a copy to Movant, who is acting *pro se*, and counsel of record.

ENTER: November 7, 2005.

R. Clarke VanDervort
United States Magistrate Judge